LA CROSSE NATIONAL BANK *vs.* JAMES THOMPSON and others.

June 15, 1887.

Mortgage—Accounting—Interest of Mortgagor in Mortgagee's Estate as Heir.—Where, upon the death of a mortgagee intestate, the mortgagor, as one of the heirs, is entitled to a distributive share of the estate, but no settlement of such estate has been made, or distribution ordered, the trial court, upon an accounting in respect to the amount due on the mortgage, properly refused to allow any deduction to be made on account of the interest of the mortgagor in the estate of such intestate.

Same—Evidence.—Evidence *held* insufficient to support the allowance, upon such accounting, of certain items claimed to have been paid for taxes by the mortgagee.

The defendant James Thompson, being the owner of the premises described in the complaint, on October 28, 1880, mortgaged them to one Easton, to secure the payment of $6,000, and the mortgage was duly recorded on October 30, 1880. Thereafter the mortgage was duly assigned to the defendant John M. Thompson, as trustee for Sarah Thompson. Sarah Thompson died intestate on October 6, 1886, leaving her surviving seven children, one of whom is the defendant James Thompson. On December 10, 1883, defendant James Thompson executed and delivered to the plaintiff a second mortgage upon the premises described in the complaint, which mortgage was duly foreclosed by action, the plaintiff becoming the purchaser, and the sale being confirmed on November 24, 1885. No redemption has been made from this sale.

The defendant John M. Thompson, as trustee, having commenced proceedings to foreclose by advertisement the first mortgage, the plaintiff brought this action in the district court for Fillmore county

to enjoin such foreclosure proceedings, and for an accounting of the amount due upon the mortgage, alleging that the amount stated to be due in the notice of sale is largely in excess of the true amount, that the amount of taxes and insurance claimed in such notice as a part of the amount due under the mortgage was in fact paid by the mortgagor, the defendant James Thompson, and that the amount of the mortgage debt should be reduced one-seventh, the distributive share of the mortgagor, as heir, in the estate of Sarah Thompson. The action was tried before *Farmer, J.,* without a jury, and judgment entered adjudging the amount due on the mortgage, and directing a sale of the premises. In computing the amount due the court allowed $339.94 for taxes paid by the holder of the mortgage, and refused to allow, as a reduction of the mortgage debt, the distributive share of James Thompson in the estate of Sarah Thompson. Plaintiff appeals from so much of the judgment as allows the taxes, and as refuses a reduction because of the said distributive share of James Thompson.

*H. R. Wells,* for appellant.

*Gray & Thompson,* for respondents.

VANDERBURGH, J. 1. We think the evidence as returned too scant and indefinite to warrant the allowance made by the trial court upon the accounting herein of the sum of $281 as having been paid by the defendant John M. Thompson, trustee, for taxes upon the mortgaged premises. The finding appears to rest upon the evidence of the mortgagor, who testified that he paid a portion of the taxes from money sent him by the defendant John, but when or what amount he so paid does not appear, and he does not state that the particular items allowed were so paid.

2. The only other error complained of is that the court failed to allow, in reduction of the amount due on the mortgage, the alleged distributive share of the mortgagor James Thompson, as heir of Sarah Thompson, now deceased, the beneficiary of the mortgage in question, held in trust for her by the defendant John. In this the court decided correctly. The estate of Sarah Thompson is not settled. No distribution has been made. The interest of the defendant James, whatever it may be found to be, has not been as-

signed to him, and the trustee is entitled, as against him, to enforce the collection of the mortgage debt.

Judgment modified in respect to the item of taxes allowed, and case remanded for further proceedings.